## MEMORANDUM DECISION ON REHEARING

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 26 2018, 8:24 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Alexander P. Pinegar
Samuel R. Robinson
Sarah J. Randall
Jessica L. Billingsley
Church Church Hittle & Antrim
Noblesville, Indiana

ATTORNEYS FOR APPELLEE

Leslie B. Pollie
Travis W. Montgomery
Kopka Pinkus Dolin PC
Carmel, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Elaine Davey,

*Appellant-Plaintiff,*

v.

Richard E. Boston,

*Appellee-Defendant*

July 26, 2018

Court of Appeals Case No.
89A01-1712-PL-2955

Appeal from the Wayne Superior Court

The Honorable David E. Northam, Special Judge

Trial Court Cause No.
89D01-1601-PL-3

**Baker, Judge.**

We write for the limited purpose of addressing Boston's contention that "Ms. Davey had available to her a copy of her husband's will that was indeed fully executed with both Mr. Davey's signature and the signatures of two witnesses." Pet. for Reh. p. 7. It is true that Davey's motion to set aside and vacate judgment contains an exhibit that is a photocopy of the Will depicting two witness signatures.

Initially, we note that this document is not in the summary judgment record. Indeed, at no point did Boston designate this document as evidence. Instead, *Davey* introduced it into the record to contrast it with the *original* copy of the will that she had found, which contains only *one* witness signature.

Moreover, when viewed in a light most favorable to non-movant Davey, there is a wealth of evidence supporting her argument that this document is not a photocopy of a validly executed will. Instead, it is a photocopy of a document on which Boston's signature was added at some point after the execution of the Will. At the very least, there are many questions of fact surrounding this document.[1]

Footnote three in our original decision states that "[n]owhere in the record is there a copy of the Will that contains all necessary signatures." Mem. Dec. p. 7 n.3. Our language was imprecise; we should have said one of two things—

---

[1] We note again that Boston admitted in his deposition that he failed to sign the original Will at the time of execution, that Boston's staff photocopied the Will immediately following its execution, and that the copy of the Will in Boston's file bears the signature of only one attesting witness.

either, "nowhere in the *summary judgment record* is there a copy of the Will that contains all necessary signatures"; or, "at the very least, there are multiple questions of fact as to whether the record contains *an original* version of the Will bearing all necessary signatures." We grant the petition for rehearing for the limited purpose of correcting that language. In all other respects, we deny the petition.

[5] The petition for rehearing is granted in part and denied in part.

Kirsch, J., and Bradford, J., concur.